NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SHARLEE PETERKIN, *Appellant.*

No. 1 CA-CR 15-0697
FILED 8-23-2016

Appeal from the Superior Court in Maricopa County
No. CR2013-440192-001
The Honorable Virginia L. Richter, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Randall M. Howe and Judge Andrew W. Gould joined.

J O H N S E N, Judge:

¶1  This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following Sharlee Peterkin's conviction of sale or transportation of marijuana, a Class 2 felony. Peterkin's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530 (App. 1999). Peterkin was given the opportunity to file a supplemental brief but did not do so. Counsel now asks this court to search the record for fundamental error. After reviewing the entire record, we affirm Peterkin's conviction and sentence.

## FACTS AND PROCEDURAL BACKGROUND

¶2  Peterkin entered a post office carrying a package that was heavily taped.[1] A detective stationed at the post office observed Peterkin placing even more tape over the package. He approached Peterkin and asked if the package belonged to her and if she knew what was in the it; Peterkin said the package belonged to someone else and denied knowing what was in the package. The detective asked Peterkin if he could search her car; she consented and the detective found two cell phones and another package in the trunk; he also noticed the odor of marijuana and saw marijuana residue in the car. While the detective was searching Peterkin's car, a narcotics K-9 alerted to the package Peterkin had brought into the post office. The K-9 also alerted to the package that was in the trunk of Peterkin's car. Testing revealed that the two packages together contained about 17 pounds of marijuana.

---

[1]  Upon review, we view the facts in the light most favorable to sustaining the jury's verdict and resolve all inferences against Peterkin. *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3        Peterkin was indicted on charges of possession of marijuana for sale (having a weight of four pounds or more/having a weight or value exceeding the statutory threshold amount) and sale or transportation of marijuana (having a weight more than two pounds), each a Class 2 felony. A jury convicted Peterkin of sale or transportation of marijuana and found the amount of marijuana for sale was greater than two pounds.[2]   The superior court sentenced Peterkin to four years' incarceration with 411 days of presentence incarceration credit.

¶4        After the superior court allowed a delayed appeal, Peterkin filed a timely notice of appeal.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1) (2016), 13-4031 (2016) and -4033(A)(1) (2016).[3]

## DISCUSSION

¶5        The record reflects Peterkin received a fair trial.  She was represented by counsel at all stages of the proceedings against her and was present at all critical stages except when counsel waived her presence.  The court held appropriate pretrial hearings.  It did not conduct a voluntariness hearing; however, the record did not suggest a question about the voluntariness of Peterkin's statements to police.  *See State v. Smith*, 114 Ariz. 415, 419 (1977); *State v. Finn*, 111 Ariz. 271, 275 (1974).

¶6        The State presented both direct and circumstantial evidence sufficient to allow the jury to convict.  The jury was properly comprised of eight members with two alternates.  The court properly instructed the jury on the elements of the charges, the State's burden of proof and the necessity of a unanimous verdict.  The jury returned a unanimous verdict, which was confirmed by juror polling.   The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed a legal sentence.

---

[2]      After the jury could not reach a verdict on the possession charge, the court granted the State's motion to dismiss that charge without prejudice.

[3]      Absent material revision after the date of an alleged offense, we cite a statute's current version.

**CONCLUSION**

**¶7**　　　　We have reviewed the entire record for reversible error and find none, and therefore affirm the conviction and resulting sentence. *See Leon*, 104 Ariz. at 300.

**¶8**　　　　After the filing of this decision, defense counsel's obligations pertaining to Peterkin's representation in this appeal have ended. Defense counsel need do no more than inform Peterkin of the outcome of this appeal and her future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Peterkin has 30 days from the date of this decision to proceed, if she wishes, with a *pro per* motion for reconsideration. Peterkin has 30 days from the date of this decision to proceed, if she wishes, with a *pro per* petition for review.



Amy M. Wood • Clerk of the court
FILED: AA

4